

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 18, 1939

Honorable J. C. Deal
Manager, Upper Colorado
River Authority
San Angelo, Texas

Dear Mr. Deal:

Opinion No. O-335
Re: Construction of S.B.
No. 21, Chapter 505,
44th Legislature,
Third Called Session

     This acknowledges receipt of and is in reply to your letter of February 9, 1939, in which you request an opinion construing the effect of S. B. No. 21, Chapter 505, 44th Legislature, Third Called Session, particularly with reference to whether or not the passage of a Flood Control Bill by the United States Congress adopting the North Concho River Flood Control Project will constitute a legally binding commitment by the United States Government within the meaning of the term "legally binding commitment" as used in S. B. No. 21.

     On page two of your letter you request our opinion as to "whether or not the adoption of the Project by the Congress would be a commitment from the United States of America".

     S. B. No. 21, in Section 17B, contains the following provision:

     "An opinion from the Attorney General of Texas as to whether or not a grant and/or loan and/or advancement has been received by said Authority from the United States of America as herein provided for, shall be authority for the action of any person charged with any duty contingent upon such grant and/or loan and/or advancement."

The law in question in Section 17B thereof thus directly places upon the Attorney General the responsibility of deciding whether or not a grant, loan or advancement has been received by the Authority in the manner prescribed by law. In our opinion, such section places upon the Attorney General the responsibility of determining whether or not such grant, loan or advancement constitutes a "legally binding commitment" within the meaning of the statutes. We believe it would be premature and improper for the Attorney General at this time to give an opinion upon what would constitute a legally binding commitment within the meaning of the law . To attempt to give such an opinion at this time would necessarily involve passing upon the effect of a law which has not as yet been enacted by the Congress of the United States. The determination of the question of whether or not the adoption of the Flood Control Project in question by the United States Congress would constitute a "legally binding commitment" within the meaning of S. B. No. 21, would necessarily in a large measure depend upon the character of provisions and the wording contained in the bill adopting the project. We believe S.B. No. 21 contemplates that the opinion of the Attorney General should be given subsequent to the passage of Legislation by the United States Congress and not prior to such passage, and we must, therefore, decline to render a final opinion at this time on the question of what will constitute a legally binding commitment on the part of the United States Government with reference to the Flood Control Project on the North Concho River.

However, by construing Section 17A of S. B. No. 21, we believe the particular question with which you are concerned at this time can be answered. We construe that bill in the following manner:

(1) Beginning with the fiscal year of September 1, 1937, the State of Texas donated and granted to the Upper Colorado River Authority the ad valorem taxes specified in the bill.

(2) The taxes so donated and granted shall not be made available to said Authority, however, until a legally binding commitment is received by the Authority from the United States Government of sufficient size to reasonably insure the completion of such co-ordinated and completed system of improvement and control of the Colorado

River as may be approved by the Board of Water Engineers of the State of Texas. Such legally binding commitment for the entire project, however, is not required to be made by January 1, 1940, the statute having no time limit covering the receipt of a legal commitment for the entire project.

(3) If a legally binding commitment for at least the sum of $2,000,000.00 is not received by the Authority by January 1, 1940, then the grant and donation of taxes provided for in the bill shall be entirely null and void. Any taxes which have accrued since the beginning of the fiscal year 1937 shall be placed in the General Revenue Fund.

(4) If a legally binding commitment in at least the sum of $2,000,000.00 is received by January 1, 1940, by the Authority from the United States Government, the donation and grant of taxes by the State of Texas shall not be null and void, but such taxes shall not be made available to the Authority until a legally binding commitment is received of a sufficient size to reasonably insure a completion of the entire project as specified by the statutes. The commitment for the entire project, however, is not required to be received by January 1, 1940.

We believe that the construction of the statutes as set forth in paragraphs one to four next above will fully comply with your request for an opinion. If and when the United States Congress passes a bill adopting this Flood Control Project and making a grant, loan or advancement to the Authority in connection therewith, the Attorney General will then be authorized by the statute to pass upon the sufficiency of such grant, loan or advancement as a "legally binding commitment".

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert E. Kepke
Robert E. Kepke
Assistant

REK:LM

APPROVED:

ATTORNEY GENERAL OF TEXAS